IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NYLSSA PORTILLO MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-245-DII |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants United States of America, United States Department of

Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"),

Immigration and Customs Enforcement ("ICE"), Alejandro Mayorkas, in his Official Capacity as

Secretary of DHS; Ur Jaddou, in her Official Capacity as Director of USCIS; and Patrick

Lechleitner's, in his Official Capacity as Acting Director of ICE (collectively, "Defendants"),

opposed motion to stay discovery pending a ruling on Defendants' motion to dismiss. (Dkt. 25).

Plaintiff Nylssa Portillo Moreno ("Plaintiff") filed a response, (Dkt. 26), and Defendants filed a

reply, (Dkt. 27). After reviewing the parties' briefing, the record, and the relevant law, the Court will

grant the motion.

Plaintiff asserts claims in this case under the Federal Tort Claims Act ("FTCA") and the

Administrative Procedure Act ("APA") based on ICE's detention and investigation of her

immigration status. (*See* Compl., Dkt. 1). Her FTCA claims allege false imprisonment and

negligence, and her APA claim alleges that ICE failed to accurately maintain records. (*See id.* ¶¶ 299–

354). Defendants have moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure

12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. (Dkt. 13).

Defendants argue that Plaintiff's FTCA claims are barred by sovereign immunity either because they

fall under an exception to the FTCA's waiver of immunity or because they fail to state a claim under Texas law. (*Id.* at 4–16). Defendants also argue that DHS, USCIS, and the agency officials are not properly named as defendants, as only the United States is a proper FTCA defendant, and Plaintiff's claims do not allege wrongdoing by USCIS or ICE. (*Id.* at 16). Last, Defendants argue that Plaintiff has not shown a waiver of sovereign immunity for her APA claim because Plaintiff has not identified a final agency action subject to judicial review, she has not exhausted any challenge to such an action, the APA does not waive immunity for monetary relief, and because her APA claim is moot. (*Id.* at 17–19; Reply, Dkt. 29, at 10). Plaintiff opposes Defendants' motion to dismiss, arguing that her FTCA claims are not barred by sovereign immunity or an exception to the FTCA and that she has sufficiently pled her false imprisonment, negligence, and APA claims. (Resp. Mot. Dismiss, Dkt. 22). Defendants' motion to dismiss remains pending before this Court.

Defendants have now moved to stay discovery in this case until the Court resolves their pending motion to dismiss. (Dkt. 25). They argue that there is good cause for a stay because an order resolving their motion to dismiss may eliminate the need for discovery or significantly narrow the issues in the case that will require discovery. (*Id.* at 2–3). Defendants also argue that it is common for courts to stay discovery until pending immunity issues are resolved. (*Id.* at 2; Reply, Dkt. 27, at 1–3). Defendants contend that the harm of potentially unnecessary discovery outweighs any potential harm caused by a stay because Plaintiff only seeks relief for retrospective harms and Defendants should not "be forced to expend resources" on discovery on claims that may be dismissed. (Mot. Stay, Dkt. 25, at 4).

In response, Plaintiff argues that a stay is not warranted because Defendants have not identified how they would be specifically harmed or prejudiced by engaging in discovery while their motion to dismiss remains pending. (Resp. Mot. Stay, Dkt. 26, at 1, 3). She cites case law indicating that courts rarely stay discovery while motions to dismiss are pending. (*Id.* at 1–2). By contrast,

Plaintiff contends that a stay would harm her interests in this case because she has had difficulty obtaining documents related to her claims from the government through various Freedom of Information Act ("FOIA") requests over the last two years. (*Id.* at 4–6). Plaintiff also contends that a stay would harm her because in her response to Defendants' motion to dismiss, she suggests that jurisdictional discovery may be warranted in this case to substantiate her argument that the "discretionary function exception" to the FTCA does not bar her claims. (*See* Resp. Mot. Dismiss, Dkt. 22, at 15–16). Plaintiff requests that if the Court decides a stay is warranted in this case, it should only stay merits discovery but allow jurisdictional discovery to continue. (Resp. Mot. Stay, Dkt. 26, at 7–8).

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Under Federal Rule of Civil Procedure 26(c), a court may issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *J.A. b/n/f Alvarez v. Tex. Educ. Agency*, No. 1:19-CV-921-RP, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020). "To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely." *Id*; *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

The Court finds good cause to stay discovery in this case. While discretionary stays of discovery are "very rare" in the context of a Rule 12(b)(6) motion to dismiss, *see Heston v. Austin Indep. Sch. Dist.*, No. 1:21-CV-35-RP, 2024 U.S. Dist. LEXIS 115276, at *3 (W.D. Tex. July 1, 2024),

that analysis is different when a party asserts a plausible defense of sovereign immunity, *see, e.g.*, *Rosales v. Wormuth*, No. 1:23-CV-440-DAE, 2024 WL 1336464, at *3 (W.D. Tex. Mar. 28, 2024); *Rivera v. United States*, No. EP-15- CV-21-KC, 2015 WL 13650012, at *2–3 (W.D. Tex. May 18, 2015). That is because "[i]t is well settled that governmental immunity is not only a defense against the burdens of liability, but also a defense to the burdens of litigation." *Rivera*, 2015 WL 13650012, at *2 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). If discovery were to continue in this case while Defendants' motion to dismiss is pending, Defendants would be subject to undue burden and expense undertaking discovery on claims that this Court may dismiss on immunity grounds. By contrast, Plaintiff will be minimally harmed by a temporary stay should the Court not grant Defendants' motion to dismiss.

The Court underscores that this decision does not address the merits of Defendants' motion to dismiss, which the Court will address in due time. This order also does not preclude the Court from lifting the stay to allow for limited jurisdictional discovery, should the Court find that such jurisdictional discovery is warranted and not barred by sovereign immunity. *See Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 73 (2023). However, at this stage, because the threshold question of sovereign immunity remains pending, the Court will stay all discovery until it resolves Defendants' motion to dismiss.

Accordingly, **IT IS ORDERED** that Defendants' motion to stay discovery, (Dkt. 25), is **GRANTED**.

**IT IS FURTHER ORDERED** that all discovery in this case is **STAYED** until seven days after the Court rules on Defendants' pending motion to dismiss, (Dkt. 13).

**SIGNED** on August 12, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE