IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NYLSSA PORTILLO MORENO,<br>　　　　　　Plaintiff, | §<br>§ | |
| V. | §<br>§ | |
| UNITED STATES OF AMERICA, ET AL.,<br>　　　　　　Defendants. | §<br>§<br>§<br>§ | A-24-CV-245-DII |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants' Motion to Dismiss (Dkt. 13), Plaintiff's Motion to Permit Jurisdictional Discovery (Dkt. 43), and all related briefing are before the court.[1] After reviewing the pleadings and the relevant case law, the undersigned submits the following Report and Recommendation to the District Judge and issues the following Order.

**I.    BACKGROUND**

Plaintiff Nylssa Portillo Moreno, a citizen of El Salvador, brings this suit against Defendants asserting she was wrongly detained by ICE for eight months despite her Temporary Protected Status ("TPS"). Dkt. 1 (Compl). Portillo Moreno asserts three claims: two Federal Torts Claims Act ("FTCA") claims for false imprisonment and negligence, *see id.* ¶¶ 299-323, and one "Administrative Procedure Act/Privacy Act" claim alleging that ICE failed to accurately maintain records, *see id.* ¶¶ 324-54. Defendants moved to dismiss Portillo Moreno's FTCA claims for lack of jurisdiction based on the "discretionary function exception" ("DFE").

---

[1] The motions were referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits and disposition pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Orders dated October 17, 2024, and December 26, 2024.

Defendants also moved to dismiss the FTCA and the APA/Privacy Act claim on other bases. After the motion was fully briefed, the court held a hearing on the motion. Dkt. 38.

In light of arguments made at that hearing and the status of Defendants' responses to FIOA requests in a related matter, the court stated it would consider allowing Portillo Moreno to take jurisdictional discovery. Dkt. 42. Portillo Moreno then filed a motion for jurisdictional discovery. Dkt. 43. The parties have met and conferred several times and filed a joint notice regarding the status of Portillo Moreno's jurisdictional discovery requests. Dkt. 49. The court held a hearing on the discovery requests on February 5, 2025.

## II.     ORDER ON JURISDICTIONAL DISCOVERY

Considering the seriousness of Portillo Moreno's allegations, the recognition by all parties that she was wrongly detained for eight months, her inability to obtain information pre-suit through the FOIA process, and her lack of remedy for her wrongful eight-month imprisonment if Defendants' DFE arguments prevail, the court will allow her to take jurisdictional discovery.

As to the discovery that the parties have agreed upon, the court grants Portillo Moreno's discovery requests. *See* Dkts. 43, 49. At the February 5, 2025 hearing, Portillo Moreno represented that she was withdrawing Request for Production No. 3. Additionally, the parties represented they had agreed to postpone Portillo Moreno's request for a Rule 30(b)(6) deposition until after written discovery was produced. Accordingly, RPF 3 and the request for a deposition are denied.

The disputes on Rog 1, RFPs 1, 5, 6, 8, and 11 are all centered on the same issue: whether Defendants are required to produce less formal policy documents, like training documents, worksheets, and checklists, should be produced as policy documents within the scope of

jurisdictional discovery even when those documents are not cited in or attached to a formal policy memorandum, handbook, or standard operating procedure or memorandum.

Defendants contend that any such less formal policy documents would only be based on the formal policy guidance that they have agreed to produce. Portillo Moreno argues there is one instance where she could not find the formal guidance to support part of a worksheet. *See* Dkt. 49-2 at 16-17.

The court sustains Defendants' objection. Defendants do not need to search for or produce less formal policy documents, like training documents, worksheets, and checklists, that are not cited in or attached to a formal policy memorandum, handbook, or standard operating procedure or memorandum. The court is not convinced that such documents are proportional to the needs of the case at this time.

Accordingly, Defendants are **ORDERED** to produce the discovery they agreed to produce no later than February 19, 2025.

Portillo Moreno is **ORDERED** to file her First Amended Complaint no later than 30 days thereafter.

### III.  REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Because the court has allowed Portillo Moreno to take jurisdictional discovery and amend her Complaint, the undersigned recommends that Defendants' Motion to Dismiss (Dkt. 13) be dismissed without prejudice.

### IV.  ORDER AND RECOMMENDATION

As stated above, the court **GRANTS** Plaintiff's Motion to Permit Jurisdictional Discovery (Dkt. 43) **in part**, as stated above. Defendants are **ORDERED** to produce the discovery they agreed to produce no later than February 19, 2025. Portillo Moreno is

**ORDERED** to file her First Amended Complaint no later than 30 days thereafter.

The court **RECOMMENDS** Defendants' Motion to Dismiss (Dkt. 13) be **DISMISSED WITHOUT PREJUDICE**.

V. **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED February 5, 2025,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE